QUESTION:
May a mental health board enter into a contract with a board of county commissioners when a member of the mental health board is also a county commissioner and, if so, must the member abstain from voting upon the matter when it comes before each board?
SUMMARY:
The provisions of Ch. 839 and s. 112.314(1), F.S., do not prohibit a mental health board from entering into an agreement with the board of county commissioners concerning the use of county funds for mental health purposes, even though a member of the health board serves also as a county commissioner. Under s.286.012, F.S., the individual in question may not abstain from voting upon the matter in either capacity.
The mental health board upon which the individual serves was created under the authority of Ch. 394, F.S., for the purpose of administering a community mental health program. Its members are appointed by the governing body or bodies having jurisdiction in the district served by the board; and, under s. 394.70(1)(c), at least one member of each of these governing bodies "shall be a member of the mental health board." The individual in question is the county commissioner member of the mental health board. I am advised that federal matching funds are available to the county for mental health purposes and that the mental health board desires to receive and disburse such funds for use in connection with a mental health center in the northern part of the county, if the program is approved and the federal funds received by the county.
You question whether, under applicable laws, an agreement between the county and the mental health board respecting such funds would be permissible and whether, in that event, the county commissioner mental health board member should abstain from participating in a decision of each board on the matter. I find nothing that would prohibit the contract nor his participation in a decision thereon.
The statute mentioned in the memorandum prepared by your attorney — s. 839.10, F.S. — prohibits an officer or member of a state or county board from bidding for or entering into or being in any manner interested in "any contract for public work for which the said officer or state or county board is or may be a party to the letting." Other provisions of Ch. 839 contain somewhat similar prohibitions relating to public contracts and transactions. The Standards of Conduct Law, s. 112.314(1), F.S., also prohibits a public body from entering into a business transaction with any "business entity" in which a member of the body has an interest as officer, director, agent, member, or owner of a controlling interest. But as stated in City of Coral Gables v. Weksler,164 So.2d 260 (3 D.C.A. Fla., 1964), referring to a conflict-of-interest charter act provision and ss. 839.07-839.10, F.S.,
"The conflict of interest theory is based, as we understand it, on the fact that an individual occupying a public position uses the trust imposed in him and the position he occupies to further his own personal gain. It is the influence he exerts in his official position to gain personally in spite of his official trust which is the evil the law seeks to eradicate. . . . Unless the act in his official capacity is one which will benefit the actor personally, either directly or indirectly, it would not appear to be prohibited."
See also State v. Hooten, 122 So.2d 336, 340 (2 D.C.A. Fla., 1960), in which it was said that the purpose of such statutes is "to preclude a public officer from misuse of the powers of his office for his own profit, to prevent influenced decisions, and to effectuate the advancement and protection of the public good. . . ."
Here, of course, the individual in question would not profit personally — either as a county commissioner or as a health board member — from the agreement between the county and the health board looking towards the use of the federal matching funds available to the county for the mental health center. And it seems clear that the interests of the county commissioners and of the mental health board members in this respect are the same — to provide adequate mental health care to the citizens and residents of the county. The necessity for local governing authorities and the mental health board to work together in establishing a program for this purpose was recognized by the legislature, in requiring the appointment to the board of one member of each local governing body in the mental health district.
In these circumstances, it must be concluded that there is no statutory prohibition against the board of county commissioners entering into an agreement with the mental health board relating to the use of county funds, derived from a federal grant, for the mental health center. The first part of your question is, therefore, answered in the affirmative.
The considerations mentioned above require a negative answer to the second part of your question. Under s. 286.012, F.S., a member of any state, county, or municipal governmental board, commission, or agency may not abstain from voting upon an official matter before the board at a meeting at which he is present unless he has a possible conflict of interest. In that event, he must disclose the interest and abstain from voting upon the matter. Attorney General Opinion 073-215. As the only interest which the county commissioner has in the matter is the public interest represented by his membership on the mental health board — an interest recognized and contemplated by law — he must comply with his statutory duty to vote upon the matter in question.